## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JAVIER SEPULBEDA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **No. 15 CV 10820** |
| **CITY OF CHICAGO, CHICAGO** | ) | |
| **POLICE OFFICER ALEXIS COTTON** | ) | **JURY TRIAL DEMANDED** |
| **and OTHER AS-YET UNIDENTIFIED** | ) | |
| **CHICAGO POLICE OFFICERS,** | ) | |
| | ) | |
| **Defendants,** | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, JAVIER SEPULBEDA, by and through his attorneys, ANGELINI & ORI, LLC, and for his First Amended Complaint against Defendants CITY OF CHICAGO, CHICAGO POLICE OFFICER ALEXIS COTTON (Star Number 17625), and OTHER AS-YET UNIDENTIFIED CHICAGO POLICE OFFICERS, and states as follows:

### INTRODUCTION

1. Plaintiff Javier Sepulbeda was shot in the back multiple times by Defendant Officer Cotton without lawful justification. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and over the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under U.S.C. §1391(b). On information and belief, all parties reside in this

1

judicial district and the events giving rise to the claims asserted herein all
occurred within the district.

## PARTIES

3.      On December 6, 2014, and at all times relevant herein, Plaintiff, Javier Sepulbeda,
was a twenty-two (22) year old resident of Chicago, Illinois.

4.      The Defendant, CITY OF CHICAGO, is a municipal corporation, duly
incorporated under the laws of the State of Illinois, that operates the Chicago
Police Department and, at all times relevant herein, was the employer and
principal of the Defendant Police Officers.  Defendant CITY OF CHICAGO is
being sued pursuant to the doctrine of respondeat superior on the pendant State
law claims.

5.      Defendant Officer ALEXIS COTTON was, at all times relevant to herein,
employed by the CITY OF CHICAGO and duly appointed to act as a police
officer of the Chicago Police  Department.  At all times relevant herein, Officer
COTTON acted within the scope of his employment and under color of statues,
ordinances, rules and  regulations, customs and usage of the State of Illinois, the
City of Chicago and the City of Chicago Police Department.  Plaintiff sues
Officer Cotton in both his official and his individual capacity.

6.      At all times relevant to herein, Defendants AS-YET UNIDENTIFIED CHICAGO
POLICE DEPARTMENT OFFICERS were employed by the CITY OF
CHICAGO and duly appointed to act as a police officers of the Chicago Police
Department.  At all times relevant herein, AS-YET UNIDENTIFIED CHICAGO
POLICE DEPARTMENT OFFICERS acted within the scope of their employment

and under color of statues, ordinances, rules and regulations, customs and usage of the State of Illinois, the City of Chicago and the City of Chicago Police Department. Plaintiff sues AS-YET UNIDENTIFIED CHICAGO POLICE DEPARTMENT OFFICERS in both their official and their individual capacity.

## FACTUAL ALLEGATIONS

7. On December 6, 2014, at approximately 10:45 p.m., while on patrol Defendant Officer COTTON responded to a gang related disturbance call near 47th and Ada Streets in the Back of the Yards neighborhood.

8. It is alleged that this disturbance call was in response to eight (8) Hispanic males hiding behind a vehicle and jumping out at passing vehicles flashing gang signs.

9. When Defendant Officer COTTON arrived at the scene, Plaintiff SEPULBEDA ran away from the Officers. Defendant Officer COTTON gave chase on foot after Plaintiff SEPULBEDA.

10. As Plaintiff SEPULBEDA was running down an alley, Defendant Officer COTTON opened fire discharging four (4) rounds, and striking Plaintiff SEPULBEDA three (3) times in the back. Plaintiff SEPULBEDA took a few more steps forward and fell to the ground. No shots were ever fired by Plaintiff SEPULBEDA.

11. After hearing a call of shots fired, other Officers responded to the scene of the shooting and witnessed Defendant Officer COTTON handcuffing Plaintiff SEPULBEDA. Before the other Officers arrived on the scene, Defendant Officer COTTON placed his hands around the neck of Plaintiff SEPULBEDA in an

3

attempt suffocate him to death. As the other Officers arrive on the scene, Defendant Officer COTTON let go of his grip.

12. Plaintiff SEPULBEDA suffered three (3) gunshot wounds into his back abdomen and pelvis and was taken by ambulance to Advocate Christ Medical Center.

13. Upon arrival to Advocate Christ Medical Center, Plaintiff SEPULBEDA was immediately taken into surgery and endured multiple procedures, including but not limited to, Exploratory Laparotomy, Left Kidney Removal, Splenectomy, Primary Repair of Cecum, Primary Repair of Stomach, Diaphragm Repair, Debridement of Distal Pancreas and Exploration of Retro Peritoneum. Plaintiff SEPULBEDA suffered multiple injuries, including but not limited to, serious abdominal injuries, rib fractures and extensive right iliac and sacral fractures. Plaintiff SEPULBEDA remained admitted into the hospital for approximately ten (10) days until his release on December 17, 2014.

14. Defendant Officer COTTON, as well as all other Officers who failed to intervene, were acting under color of law and within the scope of their employment at the time of the shooting.

### Count I – 42 U.S.C. § 1983
### Excessive Force

15. Each foregoing Paragraph in this Complaint is incorporated as if restated fully herein.

16. As described in the preceding paragraphs, the conduct of Defendant Officer COTTON toward Plaintiff constituted excessive force in violation of the United States Constitution.

4

17.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

18.     The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the Plaintiff's rights.

19.     As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered monetary loss, pain and injury, as well as emotional distress.

**Count II – 42 U.S.C. § 1983**
**Failure to Intervene**

20.     Each foregoing Paragraph of this Complaint is incorporated as if restated fully herein.

21.     Defendant Officers had a reasonable opportunity to prevent each other from using excessive force against Plaintiff had they been so inclined, but they failed to do so.

22.     As a result of the Defendant Officers' failure to intervene, Plaintiff suffered monetary loss, pain and injury, as well as emotional distress.

23.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to the rights of others.

**Count III – State Law Claim**
**Assault and Battery**

24.     Each foregoing Paragraph of this Complaint is incorporated as if restated fully herein.

5

25.    As described more fully in the preceding paragraphs, the actions of the Defendant Officers created a reasonable apprehension of imminent harm and constituted offensive physical contact with Plaintiff, Javier Sepulbeda.

26.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to the rights of others.

27.    As a result of the actions of the Defendant Officers, Plaintiff sustained physical and emotional injuries.

<div align="center">

**Count IV – State Law Claim**
**Respondeat Superior**

</div>

28.    Each foregoing Paragraph of this Complaint is incorporated as if restated fully herein.

29.    In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

30.    Defendant City of Chicago is liable as principal for all torts committed by its agent.

<div align="center">

**Count V – State Law Claim**
**Indemnification**

</div>

31.     Each foregoing Paragraph of this Complaint is incorporated as if restated fully herein.

32.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

33.    The Defendant Officers are or were employees of the Chicago Police

Department, for which Defendant City of Chicago is responsible, and acted within

the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, JAVIER SEPULBEDA, respectfully requests that this

Court enter judgment in his favor and against CITY OF CHICAGO, CHICATO POLICE

OFFICER COTTON, and AS-OF-YET UNIDENTIFIED CHICAGO POLICE

OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive

damages against the DEFENDANT OFFICER, as well as any other relief this Court

deems just and appropriate.

## JURY DEMAND

Plaintiff, JAVIER SEPULBEDA, hereby demands a trial by jury pursuant to

Federal Rule of Civil Procedure 38(b) on all issues so triable.


February 1, 2017                              Respectfully Submitted,


                                              _/s/ *Donald J. Angelini, Jr.*_____
                                              Donald J. Angelini, Jr.
                                              Angelini & Ori, LLC
                                              155 N. Michigan Avenue, Suite 400
                                              Chicago, Illinois 60601
                                              Ph: 312.957.1900
                                              F: 312.861.1302
                                              dangelini@angeliniorilaw.com

                                              Counsel for Plaintiff, Javier Sepulbeda.

### CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of **Plaintiff's First**

**Amended Complaint at Law** to be served upon all parties of record via ECF, on this 1st

day of February 2017.

<div style="margin-left: 50%;">

/s/ Donald J. Angelini, Jr.
Attorney for Plaintiff Javier
Sepulbeda
Angelini & Ori, LLC
155 North Michigan Avenue
Suite 400
Chicago, IL 60601
(312) 621-0000
Attorney No. 6290342

</div>