## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER SEPULBEDA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 CV 10820 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **FINAL PRETRIAL ORDER**

Plaintiff, JAVIER SEPULBEDA, by and through his attorneys, ANGELINI ORI & ABATE LAW, and the CITY OF CHICAGO and Chicago Police Officer ALEXIS COTTON ("Defendants"), by and through their attorneys BARRETT E. BOUDREAUX, EMILY ELIZABETH DORY AND IRIS CHAVIRA, present the following final pretrial order for the Court's approval.

1.    **JURISDICTION**

This is a civil rights action under 42 U.S.C. §1983 and the jurisdiction of the court is invoked under 28 U.S.C. §§1331, 1367, and 1391(c). Jurisdiction is not disputed.

2.    **TRIAL ATTORNEYS**

<u>For the Plaintiff</u>:

Donald J. Angelini, Jr., Esq.
Alex D. Abate, Esq

Angelini Ori & Abate Law
155 N. Michigan Avenue, Suite 400
Chicago, IL  60601
(312) 621-0000 / Fax: (312) 621-0001

<u>For the Defendants:</u>

Iris Y. Chavira, Assistant Corporation Counsel
Emily E. Dory, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312)744-9602

Barrett E. Boudreaux
Hale Law LLC
53 West Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 870-6906

## 3.      CASE STATEMENT

**Plaintiff's Proposed Case Statement**

On December 6, 2014, at approximately 10:45 p.m., while on patrol, City of Chicago Police Officer Alexis Cotton responded to a disturbance call near 47th and Ada Streets in the *Back of the Yards* neighborhood, Chicago, Illinois. As Officer Cotton's patrol car approached the scene, Javier Sepulbeda began to run away from the approaching vehicle. Officer Cotton gave chase on foot after Sepulbeda. As Sepulbeda was running down an alley, Cotton opened fire, discharging four (4) rounds, striking Sepulbeda three (3) times in the back. Javier Sepulbeda alleges that Officer Alexis Cotton used excessive force in discharging his weapon and that this use of excessive force proximately caused personal injuries to Javier Sepulbeda. Javier Sepulbeda seeks damages from Officer Alexis Cotton and the City of Chicago.

The Defendants deny the allegations that Alexis Cotton used excessive force in discharging his weapon in the manner alleged, and further deny that Javier Sepulbeda is entitled to damages of any nature.

**Defendants object that Plaintiff's proposed Case Statement is argumentative and too fact specific. The purpose of the Case Statement is merely to give potential jurors a general idea of the type of case they may be hearing. It is not and should not be an opportunity to argue one's case or attempt to bias the potential jurors. Defendants propose the following alternative Case Statement, which reflects the generality, neutrality and brevity of case statements typically agreed to by parties in police-involved shooting trials, and can easily be modified to reflect whichever claims the Court decides should be given to the jury**:

**Defendants' Proposed Case Statement:**

On December 6, 2014, Plaintiff Javier Sepulbeda was shot by Chicago Police Officer Alexis Cotton at 4755 S. Ada Street in Chicago, Illinois. Mr. Sepulbeda brings two claims in this case

(1) Excessive Force, and (2) Assault and Battery. Officer Cotton denies Mr. Sepulbeda's claims.

**The Plaintiff objects to this proposed case statement as it does not describe that this shooting occurred during a foot chase. Plaintiff would accept a less detailed version of its case statement if it was described as set forth by Defendants that the shooting occurred during a foot chase.**

**4.      TRIAL LENGTH**

The trial will last an estimated seven (7) days, including jury selection and deliberations.      The Plaintiff and Defendants will each utilize thirty (30) minutes in their opening statements.   The Plaintiff will utilize forty-five (45) minutes in his closing statement and fifteen (15) minutes in his rebuttal statement. The Defendants will utilize sixty (60) minutes in their closing statement. The parties propose that eight - twelve jurors be selected as the triers of fact.

**5.      STIPULATIONS AND UNCONTESTED FACTS**

1.      This matter arises from events that occurred on December 6, 2014.

2.      On December 6, 2014, Defendant Cotton was a Chicago Police Officer with the Chicago Police Department.

3.      On December 6, 2014, Defendant Cotton was acting within the scope of his employment and under color of state law as a sworn police officer with the Chicago Police Department.

4.      On December 6, 2014, Defendant Cotton and Chicago Police Officer Mark Evans were partnered together in a marked Chicago Police vehicle driven by officer Mark Evans.

5.      On December 6, 2014, at approximately 10:45 a.m., Plaintiff Javier Sepulbeda was on the 4700 block of South Ada Street.

6.      At approximately 10:49 p.m., officers Cotton and Evans were on patrol when they responded to a dispatch call on the 4700 block of South Ada Street in Chicago, Illinois.

7.      As the officers arrived on scene, Plaintiff ran and Defendant Cotton engaged in a

foot pursuit.

8.  Defendant Cotton discharged his firearm four (4) times, striking Plaintiff three (3) times.

## 6.  WITNESS DESCRIPTION LISTS

*The Plaintiff will call the following witnesses at trial:*

### Plaintiff Javier Sepulbeda

Javier Sepulbeda is the plaintiff who was injured as a result of Defendant Alexis Cotton's alleged use of excessive force.

### Defendant Alexis Cotton

Officer Alexis Cotton is the defendant who allegedly used excessive force on the Plaintiff.

### Mariusz Ziejewski, Ph. D.  Inz.

Mariusz Ziejewski, Ph. D. Inz. is plaintiff's retained biomechanical expert who analyzed the shooting, and will render opinions on same in relation to the testimony given by each party.

### Objection: see Defendants' *Daubert* Motion.

### Wendy Howland

Wendy Howland is plaintiff's retained billing expert who will render opinions on fair and reasonable expense of the medical care that was given to Javier Sepulbeda and the expense that will be required in the future.

### Ricardo Senno, M.D.  (By Video Evidence Deposition)

Ricardo Senno, M.D. is plaintiff's retained expert who will render opinions on the medical care that was given to Javier Sepulbeda, the injuries that Javier Sepulbeda sustained in the shooting, and the medical care that will be required in the future.

### Dr. Jane Vernik, M.D.

Dr. Jane Vernik is one of Javier Sepulbeda's treating physicians.

### Chicago Police Officer Aaron Fleishhacker

Chicago Police Officer Aaron Fleishhacker is one of Alexis Cotton's fellow police officers who was on the scene on the day of the incident.  Officer Fleishhacker did not witness the

shooting but participated in the investigation thereof.

**Chicago Police Officer Michael Perricone**

Chicago Police Officer Michael Perricone is one of Alexis Cotton's fellow police officers who was on the scene on the day of the incident. Officer Perricone did not witness the shooting but participated in the investigation thereof.

**Chicago Police Officer Mark Evans**

Chicago Police Officer Mark Evans is one of Alexis Cotton's fellow police officers who was on the scene on the day of the incident. Officer Evans did not witness the shooting but participated in the investigation thereof.

**City of Chicago Police Officer Trak Silapaduiyang**

Chicago Police Officer Trak Silapaduiyang was produced by the City of Chicago as the person most knowledgeable of the Use of Force Models: G03-02-01, G03-02-02 and G-02-03. He will explain the models and the proper use of force which may be used in accordance with the models.

**Chicago Police Forensic Investigator David Ryan**

David Ryan conducted post-shooting scene investigation and prepared the crime scene processing report including legend and measurements.

*The Plaintiff may call the following witnesses at trial:*

**Dr. Kimberly Joseph, M.D.**

Dr. Kimberly Joseph is one of Javier Sepulbeda's treating physicians.

**Dr. Sara Sarband, M.D.**

Dr. Sara Sarband is one of Javier Sepulbeda's treating physicians.

**Investigator Jim Lukas**

Investigator Jim Lukas may give testimony concerning the statement that was given to him by Alexis Cotton on December 8, 2014 in the event that Alexis Cotton gives contrary evidence at trial.

**Objection: see Motions in *Limine* No. 12. Defendants agree that IPRA statements can be used for impeachment without calling Inv. Lukas as a witness.**

**Chicago Police Officer Antonio Ramirez**

Chicago Police Officer Antonio Ramirez is one of Alexis Cotton's fellow police officers who was on the scene on the day of the incident. Officer Ramirez did not witness the shooting but participated in the investigation thereof.

**Chicago Police Detective John Murray**

Chicago Police Detective John Murray is one of Alexis Cotton's fellow police officers who was on the scene on the day of the incident. Officer Murray did not witness the shooting but participated in the investigation thereof.

**City of Chicago Police Officer John O'Leary**

Chicago Police Officer John O'Leary is one of Alexis Cotton's fellow police officers who was on the scene on the day of the incident. Officer O'Leary did not witness the shooting but participated in the investigation thereof.

**City of Chicago Police Officer John Hunt**

Chicago Police Officer John Hunt is one of Alexis Cotton's fellow police officers who was on the scene on the day of the incident. Officer Hunt did not witness the shooting but participated in the investigation thereof.

**Dr. Daniel Spitz**

Daniel Spitz is the retained expert for the Defendants who actually gave favorable testimony for the plaintiff in his discovery deposition. In the event that Defendants do not utilize Dr. Spitz at trial, plaintiff may call Dr. Spitz to rebut Alexis Cotton's testimony.

***The Defendants will call the following witnesses at trial:***

1. Plaintiff Javier Sepulbeda

2. Defendant Alexis Cotton

3. Chicago Police Officer Mark Evans

4. Chicago Police Officer Aaron Fleishhacker

5. Chicago Police Officer Michael Perricone

6. Chicago Police Officer Antonio Ramirez

7. Chicago Police Sgt. Trak Silapaduriyang

*The Defendants might call the following witnesses at trial:*

    1.    Dr. Daniel Spitz

Defendants reserve the right to call any witness identified by Plaintiff or identified throughout the course of discovery.

**7.**    **Plaintiff's Exhibits and Exhibit Chart**

| NO. | DATE | DESCRIPTION | RELEVANCE | Objection |
|---|---|---|---|---|
| 1 | December 6, 2014 | City of Chicago Police Department Battery Report | Written description of incident | Hearsay (FRE 801, 802); but no objection if used solely for refreshing recollection or impeachment or to the extent it reflects a statement by a party-opponent |
| 2 | December 6, 2014 | City of Chicago Police Department Original Arrest Report | Written description of incident | Relevance (FRE 401, 403); Hearsay (FRE 801, 802); but no objection if used solely for refreshing recollection or impeachment or to the extent it reflects a statement by a party-opponent |
| 3 | December 6, 2014 | City of Chicago Police Department Original Case Incident Report | Written description of incident | Relevance (FRE 401, 403); Hearsay (FRE 801, 802); but no objection if used solely for refreshing recollection or impeachment or to the extent it reflects a statement by a party-opponent |
| 4 | December 6, 2014 | City of Chicago Police Department Case Supplementary Report | Written description of incident | Relevance (FRE 401, 403); Hearsay (FRE 801, 802) |
| 5 | December 6, 2014 | City of Chicago Police Department | Written description of incident | Relevance (FRE 401, 403); Hearsay (FRE 801, 802) |

| | | Crime Scene Processing Report | | |
|---|---|---|---|---|
| 6 | | City of Chicago Police Department General Order G-03-02-01 Use of Force Model | Directive from Chicago Police Department on Proper Use of Force | Foundation; Hearsay (FRE 801, 802); Relevance |
| 7 | | City of Chicago Police Department General Order G03-02-02 Use of Force Guidelines (Force Options) | Directive from Chicago Police Department on Proper Use of Force | Foundation; Hearsay (FRE 801, 802); Relevance |
| 8 | | City of Chicago Police Department General Order G03-02-03 Use of Force Guidelines (Deadly Force) | Directive from Chicago Police Department on Proper Use of Force | Foundation; Hearsay (FRE 801, 802); Relevance |
| 9 | December 8, 2014 | Transcript of Statement of Alexis Cotton Conducted by Investigator Lukas Independent Police Review Authority Office (IPRA) | Impeachment | Probative value outweighed by prejudicial effect given the inflammatory reference to IPRA. If "IPRA" reference is redacted and statement was used solely to impeach and/or refresh recollection, then objection would be withdrawn. |
| 10 | December 7, 2014 | Transcript Statement of Mark Evans Conducted by Investigator Lukas Independent Police Review Authority Office (IPRA) | Impeachment | Probative value outweighed by prejudicial effect given the inflammatory reference to IPRA. If "IPRA" reference is redacted and statement was used solely to impeach and/or refresh recollection, then objection would be withdrawn. |

| 11 | December 6, 2014 | Crime Scene Photograph of Ada Street (5940) | Photograph of scene | Objection as to the cumulative nature of the photos. FRE 403 |
|----|------------------|---------------------------------------------|---------------------|----------------------------------------------------------------|
| 12 | December 6, 2014 | Crime Scene Photograph of Ada Street (5940) | Photograph of scene | Objection as to the cumulative nature of the photos. FRE 403 |
| 13 | May 15, 2017 | Alexis Cotton's Answers to Interrogatories | Impeachment | No objection if used for impeachment purposes only. |
| 14 | August 28, 2017 | Videotape of Deposition of Police Officer Alexis Cotton | Impeachment | No objection if used for impeachment purposes only. |
| 15 | August 28, 2017 | Deposition Transcript of Police Officer Alexis Cotton | Impeachment | No objection if used for impeachment purposes only. |
| 16 | | Deposition Transcript of Antonio Ramirez | Impeachment | No objection if used for impeachment purposes only. |
| 17 | | Deposition Transcript of Michael Perricone | Impeachment | No objection if used for impeachment purposes only. |
| 18 | | Transcript of Aaron Fleischhacker | Impeachment | No objection if used for impeachment purposes only. |
| 19 | | Medical Records and bills from Schwab Rehabilitation Hospital | Documentation of physical injuries, basis for medical and liability opinions and basis for opinions on fair and reasonable cost of medical care. | Hearsay. |
| 20 | | Medical Records and bills from Cook County Health and Hospitals System | Documentation of physical injuries, basis for medical and liability opinions and basis for opinions on fair and reasonable cost of medical care. | Hearsay. |
| 21 | | Medical Records from Advocate Christ Medical Center | Documentation of physical injuries, basis for medical and liability opinions and basis for opinions on fair and reasonable cost of medical care. | Hearsay. |

| | | | | |
|---|---|---|---|---|
| 22 | | Medical Records from SMG Pilsen | Documentation of physical injuries, basis for medical and liability opinions and basis for opinions on fair and reasonable cost of medical care. | Hearsay. |
| 23 | December 6, 2014 | City of Chicago Police Department Dispatch Audiotape | Audio from Dispatch from Officer Cotton and Others | Foundation; Hearsay. |
| 24 | December 7, 2014 | Photograph of Javier Sepulbeda lying in hospital bed used in Alexis Cotton's deposition | Shows where plaintiff was shot in the left side of his back | Foundation. |
| 25 | December 7, 2014 | Photograph of Javier Sepulbeda lying in hospital bed used in Alexis Cotton's deposition | Shows where plaintiff was shot in the buttocks and where Cotton was aiming when he shot Sepulbeda | Foundation. |
| 26 | December 7, 2014 | Photograph of Javier Sepulbeda lying in hospital bed used in Dr. Ziejewski's report | Shows where plaintiff was shot in the left side of his back | Foundation. |
| 27 | December 7, 2014 | Photograph of Javier Sepulbeda lying in hospital bed used in Dr. Ziejewski's report | Shows where plaintiff was shot in the buttocks and where Cotton was aiming when he shot Sepulbeda | Foundation. |
| 28 | | Demonstrative exhibit Overhead View of 47th and Ada | Depicts the layout of the street and alley utilized in Dr. Ziejewski's report | Objection; must be reasonably tendered in advance of trial to ensure that the proposed demonstrative is relevant, not unduly prejudicial and accurately describes/depicts an trial issue that will aid the jury in its fact-finding function. |

| 29 | | Google image of alley | Depicts the layout of the alley and utilized in Dr. Ziejewski's report | Objection; must be reasonably tendered in advance of trial to ensure that the proposed demonstrative is relevant, not unduly prejudicial and accurately describes/depicts an trial issue that will aid the jury in its fact-finding function. |
| --- | --- | --- | --- | --- |
| 30 | | City of Chicago Police Diagram of the Scene of the Shooting | Police Diagram of the Shooting and utilized as Figure 3 in Dr. Ziejewski's report | No objection. |
| 31 | December 6, 2014 | Alley Photos Number 1 | Photograph of the alley on the date of the incident and utilized as Figure 4 in Dr. Ziejewski's report. | No objection. |
| 32 | December 6, 2014 | Alley Photos Number 2 | Photograph of the alley on the date of the incident and utilized as Figure 4 in Dr. Ziejewski's report. | No objection. |
| 33 | December 6, 2014 | Alley Photos Number 3 | Photograph of the alley on the date of the incident and utilized as Figure 4 in Dr. Ziejewski's report. | No objection. |
| 34 | December 6, 2014 | Alley Photos Number 4 | Photograph of the alley on the date of the incident and utilized as Figure 4 in Dr. Ziejewski's report. | No objection. |
| 35 | | Demonstrative Exhibit of Plaintiff's injuries | Description of Plaintiff's Injuries and utilized as Figure 5 in Dr. Ziejewski's report. | Objection; must be reasonably tendered in advance of trial to ensure that the proposed demonstrative is relevant, not unduly prejudicial and |

| | | | | |
|---|---|---|---|---|
| | | | | accurately describes/depicts an trial issue that will aid the jury in its fact-finding function. |
| 36 | December 7, 2014 | Radiology Scan of plaintiff's left kidney | Radiographic evidence of Plaintiff's Injuries and utilized as Figure 6 in Dr. Ziejewski's report. | Foundation. |
| 37 | December 7, 2014 | Radiology Scan of plaintiff's right pelvis | Radiographic evidence of Plaintiff's Injuries and utilized as Figure 7 in Dr. Ziejewski's report. | Foundation. |
| 38 | | Written report from Dr. Mariusz Ziejewski, MD. | Will be used for the basis of the opinions rendered in the case and to refresh the recollection of the witness. | No objection if used solely to refresh recollection and/or impeachment. |
| 39 | | Written report from Ricardo Senno, MD. | Will be used for the basis of the opinions rendered in the case and to refresh the recollection of the witness | No objection if used solely to refresh recollection and/or impeachment. |
| 40 | | Written report from Wendy Howland, MD. | Will be used for the basis of the opinions rendered in the case and to refresh the recollection of the witness | No objection if used solely to refresh recollection and/or impeachment. |
| 41 | December 6, 2014 | Fire Ambulance Report City of Chicago | Documentation of injuries sustained by the plaintiff | Foundation; Hearsay |
| 42 | December 6, 2014 | City of Chicago Police Department Dispatch Audiotape "Shots Fired" (Bates 7771) | Audio from Dispatch from Officer Cotton and Others | No objection. |
| 43 | December 6, 2014 | City of Chicago Police Department Dispatch Call to Scene (Bate 7772) | Audio from Dispatch from Officer Cotton and Others | Foundation; Hearsay |

| 44 | December 6, 2014 | City of Chicago Police Department Dispatch Call to Scene (Bate 7773) | Audio from Dispatch from Officer Cotton and Others | Foundation; Hearsay |
| 45 | December 6, 2014 | City of Chicago Police Department Dispatch Call to 311 (Bate 7774) | Audio from Dispatch from Officer Cotton and Others | No objection. |
| 46 | December 6, 2014 | City of Chicago Police Department Dispatch Call to 911 (Bate 7775) | Audio from Dispatch from Officer Cotton and Others | No objection. |
| 47 | December 12, 2017 | Deposition Transcript of Mark Evans | Impeachment | No objection if used for impeachment purposes only |
| 48 | September 1, 2017 | Deposition Transcript of Aaron Fleischhacker | Impeachment | No objection if used for impeachment purposes only. |
| 49 | March 3, 2018 | Deposition Transcript of John O'Leary | Impeachment | No objection if used for impeachment purposes only. |
| 50 | March 23, 2018 | Deposition Transcript of Trak Silapaduiyang | Impeachment | No objection if used for impeachment purposes only. |
| 51 | December 7, 2014 | Mark Evans's Independent Police Review Authority Statement | Impeachment | Objection, probative value outweighed by prejudicial effect given the inflammatory reference to IPRA. If "IPRA" reference is redacted and statement is used solely to impeach and/or refresh recollection, then objection would be withdrawn. |
| 52 | November 21, 2018 | Deposition Transcript of Daniel Spitz, M.D. | Impeachment | No objection if used for impeachment purposes only. |
| 53 | December 6, 2014 | Chicago Police Department Photograph #12/1 Plaintiff's Underwear | Shows location of Injury's Entry Wound (Damages & Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3310. |
| 54 | December 6, 2014 | Chicago Police Department | Shows location of Injury's Entry Wound (Damages & Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3316. |

|  |  | Photograph #17/1 Plaintiff's Clothing |  |  |
|---|---|---|---|---|
| 55 | December 6, 2014 | Chicago Police Department Photograph #25/1 Entry Wounds in Right Lower Back | Shows location of Injury's Entry Wound (Damages & Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3323. |
| 56 | December 6, 2014 | Chicago Police Department Photograph #27/1 Entry Wounds in Left Back | Shows location of Injury's Entry Wound (Damages & Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3327. |
| 57 | December 6, 2014 | Chicago Police Department Photograph #21/2 Post-Shooting Alley Shot Location of Evidence | Shows Location of Evidence (Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3335-3349. |
| 58 | December 6, 2014 | Chicago Police Department Photograph #22/2 Post-Shooting Alley Shot Location of Evidence | Shows Location of Evidence (Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3335-3349. |
| 59 | December 6, 2014 | Chicago Police Department Photograph #23/2 Post-Shooting Alley Shot Location of Evidence | Shows Location of Evidence (Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3335-3349. |
| 60 | December 6, 2014 | Chicago Police Department Photograph #24/2 Post-Shooting Alley Shot Location of Evidence | Shows Location of Evidence (Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3335-3349. |
| 61 | December 6, 2014 | Chicago Police Department Photograph #27/2 Post-Shooting Alley Shot Location of Evidence | Shows Location of Evidence (Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3335-3349. |
| 62 | December 6, 2014 | Chicago Police Department Photograph #1/3 Post-Shooting Alley | Shows Location of Evidence (Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3335-3349. |

16

| | | Shot Location of Evidence | | |
|---|---|---|---|---|
| 63 | December 6, 2014 | Chicago Police Department Photograph #5/3 Post-Shooting Alley Shot Location of Evidence | Shows Location of Evidence (Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3335-3349. |
| 64 | December 6, 2014 | Chicago Police Department Photograph #16/3 Post-Shooting Alley Shot Location of Evidence | Shows Location of Evidence (Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3335-3349. |
| 65 | December 6, 2014 | Chicago Police Department Photograph #21/2 Post-Shooting Alley Shot Location of Evidence | Shows Location of Evidence (Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3335-3349. |
| 66 | December 6, 2014 | Chicago Police Department Photograph #26/3 Post-Shooting Alley Shot Location of Evidence | Shows Location of Evidence (Liability) | No objection assuming Plaintiff is referring to Bates FCRL 3335-3349. |

**Defendant's Exhibits and Exhibit Chart**

| NO. | DATE | DESCRIPTION | RELEVANCE | Objection |
|---|---|---|---|---|
| 1 | | Plaintiff's Complaint | Statement of a party-opponent as to what allegedly occurred, damages | No objection if used for impeachment. |
| 2 | | Plaintiff's Interrogatory Answers | Statement of a party opponent under FRE 801(d)(2)(B), (C); and potential impeachment | No objection if used for impeachment. |
| 3 | | Transcript of testimony from Plaintiff's criminal trial Case No. 14CR2214001 | Statement of a party opponent under FRE 801(d)(2)(B), (C); and potential impeachment/refreshing recollection for other witnesses | See Motion *in Limine* concerning evidence of criminal charges. |

| 4 | | Deposition of Dr. Mir Yadullahi | Impeachment | No objection. |
|---|---|---|---|---|
| 5 | | Deposition of Dr. Wendie Howland | Impeachment | No objection. |
| 6 | | Deposition of Javier Sepulbeda | Statement of a party opponent under FRE 801(d)(2)(B), (C); and potential impeachment | No objection. |
| 7 | | Deposition of Aaron Fleishhacker | Potential refreshment of recollection | No objection. |
| 8 | | Deposition of Alexis Cotton | Potential refreshment of recollection | No objection. |
| 9 | | Deposition of Antonio Ramirez | Potential refreshment of recollection | No objection. |
| 10 | | Deposition of Mark Evans | Potential refreshment of recollection | No objection. |
| 11 | | Deposition of Michael Perricone | Potential refreshment of recollection | No objection. |
| 12 | | Deposition of Dr. Daniel Spitz | Potential refreshment of recollection | No objection. |
| 13 | | Deposition of Sgt. Trak Silapaduiyang | Potential refreshment of recollection | No objection. |
| 14 | | Certified Statement of Conviction/Disposition for Javier Sepulbeda Criminal Case No. 14CR2214001 | Impeachment; establishes outcome of underlying criminal case | See Motion *in Limine* regarding criminal charges. |
| 15 | | Crime Scene Photos (FCRL 3300-3447) | Document the scene on the day of the occurrence. | No objection. |
| 17 | | Firearms Receipt & Worksheet (FCRL 00036-00037) | Document the weapon that Plaintiff carried was loaded. | See Motion *in Limine* regarding Weapon. |
| 18 | | 32 Caliber Handgun, SER # 606216 | Plaintiff's gun. | See Motion *in Limine* regarding Weapon. |
| 19 | | Seven 32 Caliber Rounds | Plaintiff's ammo. | See Motion *in Limine* regarding Weapon. |
| 20 | | Office of Emergency Management & Communications (OEMC) call to 311 | Audio pertaining to incident. | No objection. |
| | | OEMC call to 911 | Audio pertaining to incident. | No objection. |
| | | OEMC Dispatch "Shots Fired" | Audio pertaining to the incident. | No objection. |
| 21 | | Google Map of Incident Area | Demonstrative Exhibit. | No objection. |

| 22 | | "North Face" Jacket worn by Plaintiff | Jacket worn by Plaintiff during incident. | **Rule 401. Test for Relevant Evidence** Evidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action. |
| 23 | | Exhibit 3 from Plaintiff Javier Sepulbeda's Deposition – Facebook Screenshot | Depicts Javier Sepulbeda's Facebook post on the night of the incident, prior to the incident. | See Motion *in Limine* regarding Facebook Post. |

Defendant reserves the right to use any exhibit identified by Plaintiff.

**1.      Deposition Designations:**

Plaintiff will produce Dr. Ricardo Senno by way of Videotaped Evidence Deposition.  Dr. Senno's deposition has not proceeded as yet, but will proceed within the next 21 days.

**Defendants object to the deposition of Dr. Senno as Fact and Expert Discovery is closed. Defendants do not anticipate reading any depositions into evidence at this time, other than for impeachment purposes. Defendants reserve the right to use deposition testimony if a witness becomes unavailable for trial.**

**2.      Damages Itemization:**

As a result of the gunshots, Javier Sepulbeda has sustained the following physical injuries:

> Left kidney and ureter removal (nephroureterectomy)
> Spleen removal (splenectomy)
> Exploratory laparotomy
> Surgical repair of Cecum
> Surgical repair of left diaphragm
> Surgical repair of stomach
> Surgical debridement of distal pancreas
>
> Pain management with fentanyl, Morphine PCA pump, Norco
> Severe acute anemia (Hgb 6.1)
> Multiple blood product transfusions

Muscle weakness, requiring physical therapy

Fracture of right body sacrum extending into the right posterior superior illium
Right sacral fracture

Fracture of left number 12 rib
Left anterior pneumothorax

Right foot weakness and neuropathy
(Report of Dr. Ricardo Senno, MD)

The plaintiff has also incurred the reasonable and necessary past medical expenses in the amount of $144,975.000 as will be testified to by plaintiff's billing expert Wendy Howland, RN-BC, CRRN, CCM, CNLCP and LNCC, and plaintiff will reasonably be expected to incur $88,761.00 in medical expenses in the future.

The plaintiff's non-economic damages for pain and suffering and loss of a normal life (disability) amount to $1,900,000.00 and punitive damages of an equal amount.

## 3.      Motions *In Limine*

**Plaintiff's Motions *in Limine*:**

| No. | Summary | Objection |
|-----|---------|-----------|
| 1. | The parties are barred from discussing the consequence that taxpayer money could be used to pay out any potential verdict | No objection. |
| 2. | Bar any mention that Javier Sepulbeda was or was not an active gang member | Objection. |
| 3. | Bar any mention or reference to the fact that the plaintiff Javier Sepulbeda has a tattoo or tattoos | No objection. |
| 4. | Bar reference to any possible criminal history of the Plaintiff | Objection. |
| 5. | Bar evidence that Javier Sepulbeda was either charged with or pleaded guilty to being in possession of an unlawful weapon on the night of December 6, 2014 | Objection. |
| 6. | Bar any evidence that Javier Sepulbeda's weapon was either illegal or loaded on the night of the incident | Objection. |
| 7. | Bar any evidence of the findings from the internal Chicago Police Department investigation or a favorable finding from IPRA | No objection. |
| 8. | Bar any comments, testimony, evidence, or argument disparaging "plaintiffs' lawyers" or "excessive" or "runaway" verdicts, suggesting | No objection. |

| | lawsuits such as this one are an ill of our society, or referencing tort reform | |
|---|---|---|
| 9. | Bar any comments, testimony, evidence or argument regarding "over-crowded" courtrooms, or any effort by Defendants to identify this case as the type that causes backlogs or delays in the court system | No objection. |
| 10. | Bar any comments, testimony, evidence, or argument that Plaintiff has asked for a greater amount of money than he actually expects to be awarded or is entitled to, that an award to the Plaintiff would amount to winning the lottery, a welfare program or a "giveaway program," or that the Plaintiff's request for damages constitutes any type of get-rich-quick scheme or the like | No Objection. |
| 11. | Bar any comments, testimony, evidence or argument regarding the personal opinions of counsel on the merits of the case, the credibility of the witnesses or counsel, or personal knowledge regarding any issue. | No objection. |
| 12. | Bar any comments, testimony, evidence, or argument regarding any possible award to Plaintiff being used to "compensate" Plaintiff's counsel | No objection. |
| 13. | Bar any comments, testimony, evidence or argument regarding the arrest location as a "high crime" area. | No objection. |
| 14. | Bar Defendant Officer Cotton and his fellow officers from wearing their uniforms or medals at trial. Bar any comments, testimony, evidence or argument that Officer Cotton served our country in Afghanistan. | No objection to wearing uniforms or medals at trial. Objection to remainder of motion. |
| 15. | Bar Defendants from the argument that "police officers risk their lives every day" and from appealing improperly to the sympathies of the jury by referring to the general risks that police officers face on the job. | Objection. |

**Defendants' Motions *in Limine***

| No. | Summary | Objection |
|---|---|---|
| 1. | Bar Generalized Evidence of Police Code of Silence. | No objection. |

| 2. | Bar Reference to Other Publicized Events Concerning Allegations of Police Misconduct. | No objection. |
|---|---|---|
| 3. | Bar Any Evidence of Allegations That Defendant Cotton Violated Chicago Police Department General Orders, Rules, and Regulations. | Objection. |
| 4. | Bar Any Testimony, Evidence, Argument, or Innuendo That Any Non-Defendant Police Officer Engaged in Misconduct. | No objection. |
| 5. | Bar Any Evidence or Suggestion That the City Improperly Trains, Disciplines or Investigates Misconduct of Officers or Has Improper Policies and Procedures. | Objection. |
| 6. | Bar Evidence of, Including, but not Limited to Civilian Complaints, Lawsuits, Employee or Other Disciplinary Proceedings, Pending or Past Claims Against Chicago Police Personnel. | No objection. |
| 7. | Bar Any Testimony or Evidence Regarding Indemnification by the City of Chicago. | Objection. |
| 8. | Bar Any Reference to Punishing or Sending a Message to the City of Chicago. | Objection. |
| 9. | Bar Any Implication or Testimony that Chicago Police Department Personnel are Being Paid by the City to Appear in Court and Testify and that they Spent Time with an Attorney to Prepare for Trial. | No objection. |
| 10. | Bar the Attorneys From Conferring or Speaking with Any Witnesses While that Witness is Still Under Oath to Provide Sworn Testimony. | No objection. |
| 11. | Bar Any Testimony or Argument Regarding Settlement. | No objection. |
| 12. | Bar Any Evidence of or Reference that IPRA Investigated this Incident. | No objection. |
| 13. | Bar Argument That Defendants Have Delayed the Trial or That Plaintiff Has Waited a Long Time for Trial. | No objection. |
| 14. | Remove the City of Chicago as a Named Defendant. | Objection. |
| 15. | To Bar Any Argument or Inference That Defendants Allegedly Failed to Call Any Witnesses. | No objection. |
| 16. | To Exclude Non-Party Witnesses from the Courtroom. | No objection. |
| 17. | Bar Plaintiff's Counsel from Requesting Defendants or Their Attorneys to Produce any Information or Documents in the Presence and | No objection. |

| | Hearing of the Jury and From Implying That Defendants Have Not Complied With Any Discovery Request. | |
| --- | --- | --- |
| 18. | Bar Reference to Dismissed Parties or Claims. | No objection. |
| 19. | Bar Any Argument That Officer Cotton Could Have or Should Have Used Alternatives to Avoid a Situation Where Deadly Force is Reasonable. | Objection. |
| 20. | Bar Any Reference to the Fraternal Order of Police Disclaimer Given by Officers in their IPRA Statements. | No objection. |
| 21. | Bar Any Undisclosed Witnesses. | No objection. |

**11.     Proposed Voir Dire Questions**

Plaintiff's Proposed Voir Dire Questions:

1. Have you ever worked in law enforcement? Do you have any family members or close friends who have worked in law enforcement? No objection.

2. Is it acceptable for a law enforcement officer to violate the law in order to punish an individual he believes to be guilty of a crime? Objection - improper attempt to influence jury.

3. Do you believe that a person who has been mistreated by a law enforcement officer has less right to bring a lawsuit than a person who has been mistreated by a non-officer? Objection - improper attempt to influence jury.

4. Would you be more inclined to believe a law enforcement officer over somebody who is not a law enforcement officer? No objection.

5. What experiences – either good or bad – have you or members of your family had with law enforcement officers? No objection.

Defendants' Proposed Voir Dire Questions:

1. Do you have any negative opinions about the Chicago Police Department, Chicago police officers or any law enforcement agency or officers?

    **Objection – should be asked of both positive and negative opinions.**

2. Are you aware of any negative opinions by a close friend or family member about the Chicago Police Department, Chicago police officers or any law enforcement agency or officers?

    **Objection – should be asked of both positive and negative opinions.**

3.  Do you have a negative opinion about the City of Chicago or any municipality?

    **Objection – should be asked of both positive and negative opinions.**

4.  Are you aware of any negative opinions by a close friend or family member about the City of Chicago or any municipality?

    **Objection – should be asked of both positive and negative opinions.**

5.  Have you, a family member or a close friend, ever sued, filed a complaint or claim against any police officer, law enforcement agency, or municipality?

    **No objection.**

6.  Have you, a family member or a close friend, ever been arrested?

    **Objection – see Motion *in Limine* regarding Arrest.**

7.  Have you, a family member or a close friend, ever suffer a gunshot wound?

    **No objection.**

8.  Do you know of anyone who is a police officer? Who?

    **No objection.**

9.  Have you, a member of your family, or a close friend ever been the victim of a crime? Where did it happen? What was the result?

    **Objection – see Motion *in Limine* regarding Crime. There is no issue regarding victims of crimes.**

10. Have you ever served on a jury before? If yes, was it civil or criminal? Were you the foreperson?

    **No objection.**

## 12.   Jury Instructions / Verdict Forms

The parties' Agreed Jury Instructions are attached hereto as Appendix A

Plaintiffs' proposed jury instructions are attached as Appendix B.

Defendants' proposed jury instructions are attached hereto as Appendix C.

IT IS SO ORDERED:

_____

UNITED STATES DISTRICT JUDGE
Judge Edmund E. Chang

APPROVED AS TO FORM AND SUBSTANCE:


*/s/ Donald J. Angelini, Jr.*
Attorney for Plaintiff

Donald J. Angelini, Jr., Esq.
Alex D. Abate, Esq.
Angelini Ori & Abate Law
155 N. Michigan Avenue, Suite 400
Chicago, IL  60601
(312) 621-0000 / Fax: (312) 621-0001

*/s/ Iris Y. Chavira*
*Attorney for Defendants*

Iris Y. Chavira, Assistant Corporation Counsel
Emily Elizabeth Dory, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312)744-9602

Barrett E. Boudreaux
Hale Law LLC
53 West Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 870-6906

# APPENDIX A

**AGREED JURY INSTRUCTIONS**

**FUNCTIONS OF THE COURT AND THE JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice/fear/public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Authority: Seventh Circuit Civil Pattern Jury Instruction 1.01

Agreed Instruction No. 1
Given ____
Refused ____
Withdrawn ____
Modified ____

**NO INFERENCE FROM JUDGE'S QUESTIONS**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Authority: Seventh Circuit Civil Pattern Jury Instruction 1.02

Agreed Instruction No. 2
Given ____
Refused ____
Withdrawn ____
Modified ____

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

If I have taken judicial notice of certain facts, you must accept those facts as proved.

Authority: Seventh Circuit Civil Pattern Jury Instruction 1.04

Agreed Instruction No. 3
Given ____
Refused ____
Withdrawn ____
Modified ____

**WHAT IS NOT EVIDENCE**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Authority: Seventh Circuit Civil Pattern Jury Instruction 1.06

Agreed Instruction No. 4
Given ____
Refused ____
Withdrawn ____
Modified ____

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Authority: Seventh Circuit Civil Pattern Jury Instruction 1.07

Agreed Instruction No. 5
Given ____
Refused ____
Withdrawn ____
Modified ____

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Authority: Seventh Circuit Civil Pattern Jury Instruction 1.08

Agreed Instruction No. 6
Given ____
Refused ____
Withdrawn ____
Modified ____

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Authority: Seventh Circuit Civil Pattern Jury Instruction 1.09

Agreed Instruction No. 7
Given ____
Refused ____
Withdrawn ____
Modified ____

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your Own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call This "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.11

Agreed Instruction No. 8
Given ____
Refused ____
Withdrawn ____
Modified ____

**DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.12

Agreed Instruction No. 9
Given ____
Refused ____
Withdrawn ____
Modified ____

35

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.13

Agreed Instruction No. 10
Given ___
Refused ___
Withdrawn ___
Modified ___

**PRIOR INCONSISTENT STATEMENTS [OR ACTS]**

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.14

Agreed Instruction No. 11
Given ___
Refused ___
Withdrawn ___
Modified ___

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.16

Agreed Instruction No. 12
Given ____
Refused ____
Withdrawn ____
Modified ____

**NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.17

Agreed Instruction No. 13
Given ____
Refused ____
Withdrawn ____
Modified ____

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.18

Agreed Instruction No. 14
Given ____
Refused ____
Withdrawn ____
Modified ____

**TRANSLATED LANGUAGE**

You should consider only the evidence provided through the official interpreter.
Although some of you may know Spanish, it is important that all jurors consider the same evidence.
Therefore, you must base your decision on the evidence presented in the English translation.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.22

Agreed Instruction No. 15
Given ____
Refused ____
Withdrawn ____
Modified ____

41

**DEMONSTRATIVE EXHIBITS**

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.24

Agreed Instruction No. 16
Given ____
Refused ____
Withdrawn ____
Modified ____

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.27

Agreed Instruction No. 17
Given ____
Refused ____
Withdrawn ____
Modified ____

**SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.32

Agreed Instruction No. 18
Given ____
Refused ____
Withdrawn ____
Modified ____

**COMMUNICATION WITH COURT**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.33

Agreed Instruction No. 19
Given ____
Refused ____
Withdrawn ____
Modified ____

**DISAGREEMENT AMONG JURORS**

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.34

Agreed Instruction No. 20
Given ____
Refused ____
Withdrawn ____
Modified ____

**DAMAGES: PUNITIVE**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant Cotton. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant Cotton and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant Cotton. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant Cotton's conduct;

- the impact of Defendant Cotton's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant Cotton;

- the likelihood that Defendant Cotton would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Source: Seventh Circuit Pattern 7.24 (modified)

Agreed Instruction No.  21
Given ____
Refused ____
Withdrawn ____
Modified ____

# APPENDIX B

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN
DIVISION

| | | |
|---|---|---|
| JAVIER SEPULBEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-10820 |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case Defendant City of Chicago is a municipality, the Defendant Officers are police officers, and Plaintiff Javier Sepulbeda is a private citizen. All parties are equal before the law. Defendants and Plaintiff are entitled to the same fair consideration.

### Plaintiff's Proposed Jury Instruction No. 1

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.03*

4

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the viewing of an evidence deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

**Plaintiff's Proposed Jury Instruction No. 2**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

_Source: Seventh Circuit Pattern Jury Instruction 1.05_

## ISSUES

The Plaintiff claims that Alexis Cotton utilized excessive force on the night of December 6, 2014, and that the excessive use of force proximately caused the personal injuries to Javier Sepulbeda.

If you find that Plaintiff has proved each of these elements by a preponderance of the evidence, then you must decide for the plaintiff and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff has failed to prove any of these things by a preponderance of the evidence, then you must find for the Defendants.

**Plaintiff's Proposed Jury Instruction No. 3**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

### FOURTH AMENDMENT – EXCESSIVE FORCE:
### ELEMENTS

Plaintiff brings a claim that the Defendants used excessive force against him. To establish a claim for excessive force, Plaintiff must prove the following: that Officer Alexis Cotton used unreasonable force against Plaintiff.

If you find that the Plaintiff has proved this by a preponderance of the evidence as to any Defendant, then you should find for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff did not prove this by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

**Plaintiff's Proposed Jury Instruction No. 4**

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.08 (modified)*

## EXCESSIVE FORCE DEFINITION
## "UNREASONABLE"

You must decide whether the use of force by the Defendant was unreasonable from the perspective of a reasonable officer facing the same circumstances that the Defendant faced.

You must make this decision based on what the Defendant knew at the time of the incident, not based on what you know now. In deciding whether the Defendant use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

In performing his or her job, an officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was necessary.

Plaintiff need not show that he suffered any particular degree of injury in order for you to find that Defendant's use of force was unreasonable.

**Plaintiff's Proposed Jury Instruction No. 5**
_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.09 (modified)*; *Gonzalez v. City of Elgin*, 578 F.3d 526, 539-41 (7th Cir. 2009); *Chelios v. Heavener*, 520 F.3d 678, 690 (7th Cir. 2008); *McNair v. Coffey*, 279 F.3d 463, 468 (7th Cir. 2002); *Lester v. City of Chicago*, 830 F.2d 706, 713 (7th Cir. 1987).

## DAMAGES INSTRUCTIONS

If you find in favor of Plaintiff then you must determine the amount of money that will fairly compensate Javier Sepulbeda for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of being shot. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The reasonable value of medical care and supplies that Javier Sepulbeda reasonably needed and actually received as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.

2. The physical, mental and emotional pain and suffering and loss of normal life that Javier Sepulbeda has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Javier Sepulbeda for the injury he sustained.

3. Disfigurement resulting from the injury.

4. Any shortened life expectancy.

5. The increased risk of physical harm that Javier Sepulbeda is reasonably likely to

experience.

When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.

**Plaintiff's Proposed Jury Instruction No. 6**

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## **VERDICT FORM**

We, the jury, with respect to the claims of Plaintiff against the Defendants, find as follows:

CLAIM 1:     On the claim for the use of excessive force:

>  For the Plaintiff        _____                  For the Defendants      _____

CLAIM 2:     On the claim for battery:

>  For the Plaintiff        _____                  For the Defendants      _____

If you find for the Plaintiff on either one of the claims, then you should continue further.  If you find against the Plaintiff on both of these claims, then you do not continue and you have completed the Verdict Form.


COMPENSATORY DAMAGES

We award the following compensatory damages to the Plaintiff:  $_____

PUNITIVE DAMAGES

We award Plaintiff punitive damages against Alexis Cotton in the amount of $_____

We do not award Plaintiff punitive damages against Alexis Cotton    _____

Date:

Foreperson:        _____          _____

                           _____          _____

                           _____          _____

                           _____          _____

_____          _____

_____          _____

**Plaintiff's Proposed Jury Instruction 7**

_____          Given

_____          Rejected

_____          Withdrawn

_____          Objected to

# APPENDIX C

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**IMPEACHMENT – CRIMINAL CONVICTIONS**

You have heard evidence that Javier Sepulbeda has been convicted of a crime. You may consider this evidence only in deciding whether Javier Sepulbeda's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Authority: Seventh Circuit Civil Pattern Jury Instr. 1.15 (modified to add name)

Defendants' Instruction No. 1
Given ____
Refused ____
Withdrawn ____
Modified ____

**CAUTIONARY INSTRUCTION BEFORE RECESS**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Authority: Seventh Circuit Civil Pattern Jury Instr. 2.01

Defendants' Instruction No. 2
Given ____
Refused ____
Withdrawn ____
Modified ____

**FOURTH AMENDMENT/EXCESSIVE FORCE – ELEMENTS**

In this case, Plaintiff claims that Defendant Cotton used excessive force against him. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant Cotton used unreasonable force against him.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you should find for Plaintiff and against Defendant Cotton, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove this by a preponderance of the evidence, then you should find for Defendant Cotton, and you will not consider the question of damages.

Authority: Seventh Circuit Civil Pattern Jury Instr. 7.09 (modified)

Defendants' Instruction No. 3
Given ____
Refused ____
Withdrawn ____
Modified ____

**FOURTH AMENDMENT: EXCESSIVE FORCE AGAINST ARRESTEE -
DEFINITION OF "UNREASONABLE"**

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether Defendant Cotton used unreasonable force, you should consider all of the circumstances.

An officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm. It is not necessary that this danger actually existed. An officer is not required to use all practical alternatives to avoid a situation where deadly force is justified.

You must decide whether Defendant Cotton's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant Cotton faced. You must make this decision based on what Defendant Cotton knew at the time of the use of force, not based on matters learned after the use of force. In deciding whether Defendant Cotton's use of force was unreasonable, you must not consider whether Defendant Cotton's intentions were good or bad.

Authority: Seventh Circuit Pattern Jury Instruction 7.10 (modified)

Defendants' Instruction No. 4
Given ____
Refused ____
Withdrawn ____
Modified ____

***GILBERT* INSTRUCTION (if necessary)**

I am instructing you that on December 6, 2014, Javier Sepulbeda committed the offense of aggravated unlawful use of a weapon in that he knowingly carried on his person a firearm.

Any statements to the contrary by Javier Sepulbeda, his lawyers, or any witness must be ignored. What you need to determine is whether Defendant Cotton's use of force was reasonable under the circumstances.

Authority: *Viramontes v. City of Chicago, et al.*, 840 F.3d 423, 426-27 (7th Cir. 2016); *Gilbert v. Cook*, 512 F.3d 899 (7th Cir. 2008); *McCann v. Neilsen*, 466 F.3d 619, 621 -622 (7th Cir. 2006); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Defendants' Instruction No. 5
Given ____
Refused ____
Withdrawn ____
Modified ____

37

**DAMAGES: GENERAL**

If you find that Plaintiff has proved any of his claims against Defendant Cotton, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of his claims, then you will not consider the question of damages.

Authority: Seventh Circuit Pattern Jury Instruction 3.09 (modified)

Defendants' Instruction No. 6
Given ____
Refused ____
Withdrawn ____
Modified ____

**DAMAGES: COMPENSATORY**

If you find in favor of Plaintiff on any of his claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the violations against Plaintiff. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future.

2. The reasonable expense of necessary medical care, treatment, and services received and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future.

No evidence of the dollar value of physical and emotional pain and suffering and loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injuries he has sustained.

Authority: Seventh Circuit Pattern Jury Instruction 7.26 (modified)

Defendants' Instruction No. 7
Given ____
Refused ____
Withdrawn ____
Modified ____

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| JAVIER SEPULBEDA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 CV 10820 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PROPOSED VERDICT FORM**

We, the Jury, find as to each of the claims of Plaintiff, Javier Sepulbeda, in this case as follows:

## PART I – LIABILITY

For each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant.

As to Plaintiff's Excessive Force Claim:

FOR PLAINTIFF                                    FOR DEFENDANT

_____                         _____

As to Plaintiff's Assault and Battery Claim:

FOR PLAINTIFF                                    FOR DEFENDANT

_____                         _____

If you did not find in favor of Plaintiff on any of his claims, then go straight to Part IV.

## PART II – COMPENSATORY DAMAGES

Please complete the following section only if the above finding in Part I is in favor of Plaintiff. If the above finding in Part I is in favor of Defendant Cotton, please skip Part II and III and sign and date this form.

Compensatory Damages:

We find Plaintiff Javier Sepulbeda's compensatory damages to be: $_____

## **PART III- PUNITIVE DAMAGES**

Do you find an award of punitive damages against Defendant Cotton appropriate in this case?
       YES                                             NO

_____                       _____

If you marked "no," continue to Part IV. If you marked "yes," please indicate the amount of punitive damages that are awarded.

Plaintiff is awarded $_____ in punitive damages against Defendant Cotton.

## **PART IV**

Please sign and date below and return the entire Verdict Form to the marshal. (Each juror must sign the form).

Date: _____

_____    _____

Foreperson                                        Juror

_____    _____

Juror                                               Juror

_____    _____

Juror                                               Juror

_____    _____

Juror                                               Juror

41